IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 25, 2011 Session

## PEE WEE WISDOM CHILD DEVELOPMENT CENTER and VIVIAN BRAXTON v. ROBERT E. COOPER, JR. In his official capacity as Attorney General & Reporter for the State of Tennessee

Extraordinary Appeal from the Chancery Court for Shelby County
No. CH-02-1540-3      Walter Evans, Chancellor

No. W2010-00484-COA-R10-CV - Filed February 14, 2012

DISSENT
_____

HOLLY M. KIRBY, JUDGE, DISSENTING:

I must respectfully dissent from the majority opinion in this case. I would hold that the Shelby County trial court properly found that it did not have subject matter jurisdiction over a lawsuit against the Attorney General. Because the lawsuit named the Attorney General as the defendant and sought substantial relief against the Attorney General, under the doctrine of sovereign immunity and Tennessee Code Annotated § 4-4-104, I would hold that only the Davidson County court had jurisdiction over the lawsuit. I would hold that the trial court erred only in declining to transfer the case to Davidson County in the interests of justice.

The majority in this case finds that, because the plaintiff nonprofit corporation sought voluntary dissolution, the Shelby County court had subject matter jurisdiction pursuant to Tennessee Code Annotated §§ 48-64-301(a)(4) and 302(a). Section 301(a)(4) states that a court "with proper venue" under Section 302(a) may dissolve a corporation in a voluntary dissolution. Section 302(a), in turn, states that venue in a voluntary dissolution not filed by the Attorney General lies in the county where the corporation's principal office is located, here, Shelby County. On this basis, the majority finds that the Shelby County trial court had subject matter jurisdiction over the lawsuit.

I would have no problem agreeing with the majority's analysis if this lawsuit were simply a voluntary dissolution by a nonprofit corporation. It is not. Respectfully, the majority's analysis ignores (1) the entirety of the claims and allegations in the complaint and (2) the fact that the complaint named Tennessee's Attorney General as the sole defendant.

In a normal voluntary dissolution of a nonprofit corporation, the action is essentially an *in rem* proceeding; the corporation does not name a defendant. Instead, the corporation gives the Attorney General notice of its intent to dissolve, including its plan of dissolution, and must obtain the approval or consent of the Attorney General before it may proceed with the voluntary dissolution. Tenn. Code Ann. § 48-64-103 (2011 Supp.).

The instant case, however, is no ordinary voluntary dissolution. As stated explicitly in the complaint, the Attorney General had investigated Pee Wee Wisdom, Plaintiff Vivian Braxton, and others associated with Pee Wee and uncovered extensive criminal and civil wrongdoing and misappropriation of Pee Wee's assets. In light of this, the Attorney General had notified Pee Wee and Ms. Braxton that it intended to file an action to judicially dissolve Pee Wee.[1] As noted by the majority, such an action would be filed in the Davidson County court, and would allow the Attorney General to utilize statutory remedies to take control of Pee Wee's assets.

For the explicit purpose of derailing the Attorney General's announced plan to seek involuntary judicial dissolution of Pee Wee, without giving prior notice to the Attorney General, Ms. Braxton filed the instant complaint in Shelby County, naming the Attorney General as the sole defendant. The complaint sought both declaratory and injunctive relief against the Attorney General. Specifically, the complaint asked the trial court to find that the Attorney General was wrong in various findings that would constitute grounds for involuntary judicial dissolution, including the Attorney General's findings that (1) Ms. Braxton's rental of property to Pee Wee at an inflated rate was a conflict of interest and "unfair," (2) Ms. Braxton borrowing over $120,000 from Pee Wee was similarly "unfair" and a conflict of interest, (3) the Board of Pee Wee never met to approve Ms. Braxton's actions, thus there was a "failure to follow corporate formalities," and (4) Pee Wee had misapplied and wasted substantial corporate monies and assets. Overall, the complaint asked the trial court to "render a declaratory judgment that the Attorney General lacks sufficient evidence to force an involuntary dissolution of Pee Wee Wisdom."

The complaint sought injunctive relief against the Attorney General as well. The fiat, issued by the original trial judge, enjoined the filing of any suit or proceeding against Pee Wee or the issuance of any process that would "interfere with the exclusive jurisdiction of this Court over Pee Wee Wisdom Child Development Center, Inc." The complaint goes on to claim

---

[1] At the time the Attorney General was investigating Pee Wee, it had uncovered similar wrongdoing in another Shelby County day care receiving state funds, and had instituted a judicial dissolution proceeding in Davidson County; the day care in that case was represented by the same attorney who filed the complaint in this cause. *See Summers v. Cherokee Children & Family Serv.*, 112 S.W.3d 486 (Tenn. Ct. App. 2002).

that Pee Wee's Board had voted to dissolve the corporation, recites the statutory provisions on voluntary dissolution, and asks the trial court to supervise the dissolution.

Thus, the Attorney General was no nominal defendant. The primary purpose of the complaint was not to achieve dissolution of the corporation but to prevent the Attorney General from proceeding with its stated plan to gain control of Pee Wee's assets through an involuntary judicial dissolution.

Once he received notice of the lawsuit and the injunctive relief that had been issued, the Attorney General objected early and often to the trial court's subject matter jurisdiction and to venue, citing *inter alia* Tennessee Code Annotated § 4-4-104, to no avail. Inexplicably, the Attorney General's objections as to venue and subject matter jurisdiction were never ruled on by the first trial judge in this matter.[2] Consequently, the case lumbered on for years, and the Attorney General had little choice but to participate and try to make the best of things.[3] After years of proceedings, the case was transferred to the trial judge below, who ruled on the Attorney General's years-old motion to dismiss, finding that the Shelby County court never had subject matter jurisdiction.

A review of the caselaw shows that the trial court's holding was correct. This Court has consistently turned away litigants' attempts to circumvent the requirement that a lawsuit seeking relief against the State must be filed in Davidson County. For example, *S.W. Williamson County v. Saltsman*, 66 S.W.3d 872 (Tenn. Ct. App. 2002) (perm. app. den., publication recommended 2002), involved the State's announced plan to extend a State highway through Williamson County. The lawsuit was filed in Williamson County and named the Commissioner of the Tennessee Department of Transportation ("TDOT") as the defendant. It alleged that TDOT had not done some things that were required before the highway could be extended, and had improperly done other things, and sought injunctive and mandamus relief against TDOT. The plaintiffs asserted that the Williamson County court had subject matter jurisdiction under a statute that provided that a lawsuit that "involves real property in which the state of Tennessee . . . is a party, may be properly instituted in any county in which such property is located." *Id.* at 877. The Williamson County trial court agreed, and the case was tried to resolution. The State appealed.

---

[2]Now-retired Chancellor D.J. Allisandratos. The second trial judge assigned to the case also did not rule on the issue of subject matter jurisdiction, and the case was eventually transferred to the current trial judge, who finally ruled on the Attorney General's motion.

[3]While participating in the proceedings, the Attorney General reserved all objections to venue and jurisdiction.

On appeal, the appellate court in *Saltsman* looked at the allegations in the complaint. The appellate court acknowledged that the subject matter of the lawsuit involved a proposed highway extension that would be located on real property in Williamson County and would impact real property in Williamson County. Nevertheless, from the allegations in the complaint, the Court found that the gist of the lawsuit did not "involve real property," but was really to make the TDOT Commissioner do his duties properly and to get the Williamson County court to prevent TDOT from going forward on its plan to extend the highway. *Id.* at 880.

The *Saltsman* Court stated: "The Tennessee Constitution mandates that the State can only be sued as the General Assembly directs by law. . . . We believe that the General Assembly clearly prescribed [in Tenn. Code Ann. § 4-4-104(a)] that a suit against a commissioner in his or her official capacity, *i.e.*, a suit against the State, must be brought in Davidson County." *Id.* at 881. Under the doctrine of sovereign immunity and Section 4-4-104(a), the *Saltsman* Court found that the Williamson County trial court did not have subject matter jurisdiction over the lawsuit. *Id.* at 881-82. A similar analysis was utilized by this Court in *State of Tenn. ex rel. Commissioner of the Dept. of Transp. v. Thomas*, 336 S.W.3d 588 (Tenn. Ct. App. 2010) (perm app. Den. 2010), which relied on *Saltsman*. *Id.* at 604-05.

Similar to the *Saltsman* case, in the complaint in the instant case, the plaintiffs asked the Shelby County trial court to interpose itself between Pee Wee and the Attorney General, declare that the Attorney General had no basis to seek involuntary judicial dissolution, and enjoin the Attorney General from filing such an action. Thus, the gravamen of the complaint was the affirmative relief sought against the Attorney General. The caselaw I have seen evaluates subject matter jurisdiction based on the allegations in the complaint. Doing so in this case leads to the conclusion that, under the doctrine of sovereign immunity and Section 4-4-104(a), at the time the lawsuit was filed, the Shelby County court did not have jurisdiction to hear it.

The majority in this case does not consider whether the trial court had jurisdiction over the lawsuit when Pee Wee filed it, and disregards the allegations and claims for relief asserted against the Attorney General in the complaint.[4] It cites no authority for ascertaining the trial court's jurisdiction based on the procedural posture of the case long after the complaint is filed, after years of proceedings. If the Shelby County trial court did not have subject matter

---

[4]The majority dismisses Pee Wee's requests for declaratory and injunctive relief against the Attorney General as mooted by events occurring after the complaint was filed. If so, there was no ruling to that effect; indeed, the Shelby County court did not have subject matter jurisdiction to make such a ruling. At any rate, the claims for declaratory and injunctive relief were not dismissed until the final order dismissing the entire lawsuit for lack of subject matter jurisdiction.

jurisdiction when the lawsuit was filed, how did it later acquire jurisdiction? This is not explained.

The majority likewise does not explain how Section 48-64-301(a)(4), on voluntary dissolution, trumps the doctrine of sovereign immunity and Section 4-4-104(a). Indeed, in its analysis, the majority does not even *mention* either the doctrine of sovereign immunity or Section 4-4-104(a).

Which brings us to perhaps the most surprising part of the majority opinion. Faced with the inconvenient fact that the Attorney General remains the sole named defendant in the lawsuit, the majority directs the trial court on remand to *dismiss the Attorney General from the lawsuit*. This is simply baffling. No one has asked for such relief, it is not required by the majority's ruling, there is no authority for it, and no reason to do it.[5] The only plausible explanation is to conform the procedural posture of the case to fit the majority's ruling on subject matter jurisdiction. Meanwhile, we do not know how dismissal of the Attorney General from the lawsuit at this juncture will affect the Attorney General's ability to perform its duty to protect the State's lawful claim to the assets of Pee Wee.

For these reasons, I respectfully dissent. I would affirm the trial court's holding that the Shelby County court does not have subject matter jurisdiction. In view of the work performed by the receiver during the years in which prior trial judges ignored the issue of subject matter jurisdiction, Ms. Braxton's continued efforts to regain control of the Pee Wee assets, and the need to protect the State's interest in Pee Wee's remaining assets, I would reverse the trial court's denial of the State's motion to transfer the case to the Davidson County court and remand for entry of an order of transfer pursuant to Tennessee Code Annotated § 16-1-116, in the interests of justice.

_____
HOLLY M. KIRBY, JUDGE

_____

[5]I note that the order of this Court granting this appeal under Tenn. R. App. P. 10 limited the appeal to the issue of "whether the trial court erred in dismissing the case and in declining to transfer the matter to Davidson County."